IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00431-WDM-MEH

MARY J. PENA,

      Plaintiff,

v.

CONTINENTAL CONCESSION SUPPLIES INC., a foreign corporation, and
JOSEPH SHEFFIELD,

      Defendants.

---

## ORDER ON MOTION FOR PARTIAL DISMISSAL

---

Miller, J.

      This case is before me on the motion for partial dismissal filed by defendant Continental Concession Supplies, Inc. (CCSI).  Plaintiff Mary Pena opposes the motion.  After review of the Complaint and the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, the motion will be granted in part and denied in part.

<u>Background</u>

      This is a Title VII case in which Pena brings claims arising from alleged sexual harassment by defendant Joseph Sheffield during her employment with CCSI.  Although the complaint premises jurisdiction both on federal question and diversity of citizenship, 28 U.S.C. §§ 1331, 1332(a)(1), I note the allegations of the complaint do not support diversity jurisdiction because both Pena and Sheffield are citizens of Colorado.

      The claims as alleged in the complaint are for: (1) outrageous conduct and sexual

harassment under Title VII; (2) wrongful termination; (3) negligent hiring and supervision; and (4) hostile work environment.

CCSI challenges all claims other than the Title VII claim and the claim for negligent supervision in its motion to dismiss.

## Standard of Review

A motion to dismiss is appropriate when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief. The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

1. Outrageous Conduct Claim

CCSI argues the claim for outrageous conduct should be dismissed because, as presented in the complaint, it is alleged as a violation of Title VII, which does not encompass such a claim. Pena's response discusses her claim under Colorado law, and, in its reply, CCSI withdraws its motion to dismiss to the extent the claim is one under state law.

I will construe the outrageous conduct claim as presented under Colorado law and direct Pena to file an amended complaint setting forth her outrageous conduct claim separate from her Title VII claim.

2. Wrongful Termination Claim

CCSI next argues that Pena has not asserted a claim for wrongful termination under Colorado law that would entitle her to recover punitive damages under C.R.S. § 13-21-102.

In response, Pena describes her claim as one for retaliation under Title VII.

I will grant the motion to dismiss in part to strike any claim for damages under § 13-21-102 but will allow Pena to reconfigure her claim as a Title VII retaliation claim.

3.   Negligent Hiring Claim

CCSI asserts that Pena fails to allege any facts in her complaint that would support a claim that it was negligent in hiring Sheffield because it knew of but ignored a foreseeable risk that Sheffield would engage in conduct harmful to other employees.  Pena suggests that she be allowed to conduct discovery on this claim.  I construe this request as one to amend her complaint to add allegations to state a claim for negligent hiring and will deny the motion to dismiss.

4.   Hostile Work Environment Claim

CCSI moves to dismiss the hostile work environment claim to the extent it is asserted under Colorado law.  It observes the claim is duplicative of the sexual harassment claim if alleged under Title VII.  In her response, Pena does not explain how her claim arises under state law, but she maintains that the claim is proper under Title VII separate and apart from her first claim for relief.

I will grant the motion to dismiss the hostile work environment claim to the extent it is asserted under state law.  The claim is proper under Title VII, and I agree with CCSI that it covers the same conduct addressed in the claim for sexual harassment.

5.   References to 42 U.S.C. § 1983

CCSI notes that the complaint makes references to 42 U.S.C. § 1983 and requests that any claim under this statute be dismissed.  In response, Pena concedes that she is

not asserting a claim under § 1983.

Accordingly, it is ordered:

1.    The motion to dismiss in part, filed July 18, 2005, is granted in part and denied in part.

2.    On or before April 21, 2006, Pena shall file an amended complaint setting forth a separate outrageous conduct claim under Colorado law, changing her wrongful termination claim to one for retaliation under Title VII, combining her sexual harassment/hostile work environment claim under Title VII, and setting forth allegations that would support a claim for negligent hiring.

DATED at Denver, Colorado, on March 31, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge